**FILED**
VANESSA L. ARMSTRONG, CLERK

MAY 12 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# United States District Court

| WESTERN | DISTRICT OF | KENTUCKY |
|---|---|---|

LOUISVILLE

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| V. | |
| Christy A. Riggs | |

CASE NUMBER: 3:11mj-152

I, John W. Dozier, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about March 10, 2005 to on or about November 15, 2006 in the Western District of Kentucky, the defendant Christy A. Riggs, while employed by Iron Workers Local 70, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to her own use the funds of said labor organization in the approximate amount of $18,000.

All in violation of Title 29, United States Code, Section 501(c).

I further state that I am a Senior Investigator for the U.S. Department of Labor, Office of Labor-Management Standards (OLMS), and that this complaint is based on the following facts:

See Attached Affidavit of OLMS Senior Investigator John W. Dozier.

Continued on attached sheet and made a part hereof:  X  Yes  __ No

_____
**Signature of Complainant**

Sworn to before me and subscribed in my presence,

MAY 12, 2011
**Date**

JDMoyer USMJ
at Louisville, Kentucky
**City and State**

James D. Moyer
U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

## Affidavit for Criminal Complaint

My name is John W. Dozier. I am a Senior Investigator for the U.S. Department of Labor, Office of Labor-Management Standards (OLMS), and I am assigned to the OLMS Cincinnati District Office. I have been an investigator for OLMS since 1989.

OLMS opened its investigation based on information from former Iron Workers Local 70 President Taz Noon that the local's union hall was broken into and cash was taken from the safe. Local 70 is the collective bargaining representative on behalf of its members who work for employers in the Iron Workers Employers Association, Inc. of Louisville, Kentucky. Those employers are engaged in interstate commerce.

My examination of Local 70's financial records for 2004 through 2006 and interviews with current and former officers and members of Local 70 revealed that Christy A. Riggs was employed by Local 70 as an office secretary from week ending July 30, 2004 to week ending December 15, 2006. As Local 70's office secretary, Christy Riggs was responsible for collecting, recording and depositing receipts, such as membership dues and assessments; preparing checks, disbursements registers, other financial records and reports; and submitting financial records and reports to the Iron Workers national headquarters.

Examination of Local 70's financial records and interviews with union officials and members disclosed the following:

1. Approximately $18,000 in cash receipts were recorded but not deposited by Local 70 during the period March 10, 2005 to November 15, 2006 when Christy Riggs was responsible for collecting and recording those funds.

2. Two unauthorized and forged checks payable to Christy Riggs for a total of $397 were issued from Local 70's treasury on October 13, 2006 and December 7, 2006 and endorsed by Christy Riggs when Christy Riggs was responsible for preparing Local 70's disbursements records.

3. Local 70 failed to maintain required records for seven checks payable to and deposited by the union that were substituted in deposits for missing cash during the period March 10, 2005 to August 1, 2006 when Christy Riggs was responsible for collecting and recording Local 70's receipts.

4. False entries were made in Local 70's financial records regarding the amounts of three checks that were deposited into Local 70's treasury to conceal cash shortages during the period July 11, 2005 to May 30, 2006 when Christy Riggs was responsible for maintaining those records.

5. False entries regarding the amounts of 69 daily deposits were made in Local 70's electronic records which concealed cash shortages during the period August 1, 2005 to November 1, 2006 when Christy Riggs was responsible for making such recordkeeping entries.

6. A false entry was made in Local 70's QuickBooks database regarding the payee of an unauthorized $297 check from the union's treasury payable to Christy Riggs on December 7, 2006 when Christy Riggs was responsible for preparing Local 70's disbursements records.

7. The signatures of Local 70's current and former business manager/ financial secretary-treasurers were forged on four checks from the union's treasury in June, October and December 2006 when Christy Riggs was responsible for preparing Local 70's disbursements records.

8. Local 70 unknowingly filed false Form LM-2 Labor Organization Annual Reports with OLMS for fiscal years 2005, 2006 and 2007 regarding financial losses of which principal officers were unaware because of recordkeeping violations committed when Christy Riggs was responsible for maintaining Local 70's financial records.

I interviewed Christy Riggs on August 26, 2010. She acknowledged that she endorsed two checks for $397 which current and former union officials identified as forged and as unauthorized. Christy Riggs denied she stole from Local 70, and she ended the interview before she could be shown evidence of missing receipts.

Based on the above information, Affiant believes there is probable cause to believe that Christy A. Riggs did embezzle, steal and unlawfully and willfully abstract and convert to her own use the funds of Iron Workers Local 70 in the approximate amount of $18,000 in violation of Title 29, United States Code, Section 501(c).

John W. Dozier
Senior Investigator
U.S. Department of Labor
Office of Labor-Management Standards


Sworn to before me this 12TH day of May, 2011.

James D. Moyer
United States Magistrate Judge

Page 2 of 2